UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-60095-CIV-UNGARO

CRAIG BRADY,

    Plaintiff,

v.

LAUDERDALE AUTO INVESTORS I, LLC,
a Florida Limited Liability Company, d/b/a
PHIL SMITH CHEVROLET,

    Defendant.
_____/

### DEFENDANT'S MOTION TO COMPEL COMPLETE RESPONSES TO DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Defendant, Lauderdale Auto Investors I, LLC, d/b/a Phil Smith Chevrolet ("Defendant"), pursuant to Fed. R. Civ. P. 37 and S.D. Fla. L.R. 26.1(h), moves for the entry of an Order compelling Plaintiff, Craig Brady ("Plaintiff"), to provide complete responses to Interrogatory No. 23 of Defendant's First Set of Interrogatories and Request Nos. 16, 19 and 25 of Defendant's First Request for Production. Defendant also requests that this Court award it expenses incurred in the preparation of this motion. In support of its Motion to Compel, Defendant states as follows:

    1.    On July 1, 2010, Defendant served its First Set of Interrogatories and First Request to Produce upon Plaintiff.

    2.    On July 30, 2010, Plaintiff served his responses to Defendant's Interrogatories and Requests to Produce.

    3.    On August 26, 2010, counsel for Defendant sent Plaintiff's counsel a letter outlining certain deficiencies in Plaintiff's responses to Defendant's discovery requests and requested that he supplement or amend such responses.

1

4.      In correspondence dated August 30, 2010, Plaintiff's counsel stated that Plaintiff is standing on the objections he raised.  With respect to Request No. 16, Plaintiff's counsel agreed only to a narrow scope of the request.  However, as set forth below, Defendant is entitled to receive all documents responsive to said Request.

5.      Accordingly, Defendant respectfully requests that this Court issue an Order compelling Plaintiff to provide complete responses to Defendant's First Set of Interrogatories and First Request to Produce.  In addition, Defendant requests that the Court award it the fees incurred in the preparation of this motion.

## MEMORANDUM OF LAW

Rule 37 of the Federal Rules of Civil Procedure states in relevant part:
**(a) Motion for Order Compelling Disclosure or Discovery.**   A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

. . .

**(2) Motion.**

. . .

(B) If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer

. . .

Pursuant to Rule 26.1(h)(2) of the Local Rules of the Southern District of Florida, Defendant quotes verbatim each interrogatory and request for production to which Plaintiff gave either an incomplete or unsatisfactory response or unfounded objection, and sets forth its reasons in support of this motion as follows:

## INTERROGATORIES

**INTERROGATORY NO. 23** :  Please provide a complete factual description of any agreement you may have with your attorney(s) regarding the payment of attorney's fees for prosecution of this lawsuit.

**Plaintiff's Response:**   OBJECTION - This interrogatory seeks information which is completely irrelevant to the claims and defenses raised in this action and is therefore not discoverable.  Furthermore, this interrogatory has been propounded merely to harass, as Defendant can have no possible legitimate reason for seeking such information.  Additionally, this interrogatory is also objectionable because it is not reasonably calculated to lead to the discovery of admissible evidence.

**Defendant's Position:**   Contrary to Plaintiff's assertion, courts consistently hold that information concerning an agreement between an individual and his lawyer for the payment of costs and attorney's fees is relevant to an action and discoverable.  *See Tokraz v. TRG Columbus Development Venture, LTD.*, 2008 U.S. Dist. LEXIS 62057, at *2 (S.D. Fla. Aug. 14, 2008) (compelling production of plaintiff's retainer agreement with his attorneys noting "in this case, part of Plaintiff's prayer for relief is his attorney's fees…Thus, his attorney's fee agreement is relevant to his claim and among the many factors that Defendant must take into account when defending this action."); s*ee also In re Grand Jury Matter NO. 91-01386*, 969 F.2d 995, 989-99 (11th Cir. 1992); *Finol v. Finol*, 869 So.2d 666 (Fla. 4th DCA 2004).  Here, there can be no doubt that Plaintiff's attorneys' fees are at issue in this case.  Not only does Plaintiff seek costs, including attorneys' fees, in paragraph 19 of his Amended Complaint [DE 11], but Defendant has conceded that errors were made in two workweeks resulting in a shortage of $66.00 in minimum wages, thereby triggering an obligation under the FLSA to pay "reasonable" attorneys' fees.  Accordingly, Defendant requests that Plaintiff be ordered to fully respond to this interrogatory without further delay.

## REQUESTS TO PRODUCE

**REQUEST NO. 16:** All documents concerning any employment relationship you had (including self-employment and independent contractor positions), or separation from such employment, while you were employed by Defendant.

**Plaintiff's Response:** OBJECTION - this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad, and is being propounded solely to harass Plaintiff, as there is no possible legitimate purpose for this Request.

**Defendant's Position:**  Plaintiff's objections are entirely without merit.  To the extent that Plaintiff was performing work for any other employer during the relevant time, such evidence may refute Plaintiff's claims about the number of hours he worked for Defendant.  As a result, the requested information is directly relevant to the claims and defenses in this lawsuit. *Bellosa v. Universal Tile Restoration, In*c., 2008 WL 2620735, at *4 (S.D. Fla. 2008) (granting defendant's motion to compel with respect to plaintiffs' credit and debit card statements and receipts because such evidence may show that "Plaintiffs were not working during the hours for which they claim overtime").  To the extent Plaintiff argues that Defendant is only entitled to discovery of documents evidencing hours Plaintiff worked, such argument is, once again, unfounded.  As a threshold matter, to the extent Plaintiff held a "second job," documents other than Plaintiff's time records may lead to the discovery of admissible evidence. *See Anglin v. Maxim Health Services, Inc.*, 2009 U.S. Dist. LEXIS 34562 (M.D. Fla. April 3, 2009) (holding defendant is entitled to subpoena plaintiff's time records <u>and personnel file</u> at her "second job" because the "evidence is reasonably calculated to lead to the discovery of admissible evidence concerning  Plaintiff's credibility as to the hours worked for Defendant").  Moreover, the requested information is relevant to Plaintiff's obligation to mitigate his damages following his separation from Defendant.  *See Gutescu v. Carey Int'l, Inc.*, 2003 U.S. Dist. LEXIS 27504 (S.D. Fla. June 23, 2003) (compelling production of plaintiff's prior employment records holding

"Plaintiff's work history, pay history and education are relevant to her ability to mitigate."). Finally, Defendant is entitled to discovery of information likely to bear on Plaintiff's credibility and the truthfulness of his allegations. *See Jin v. Metropolitan Life Ins. Co.*, 2000 WL 347150, *6 (S.D.N.Y. April 4, 2000) (finding plaintiff's employment history relevant to the issue of credibility). Plaintiff's contemporaneous employment records, including his applications for employment and/or resume(s), job description, schedule and pay records may contain information in conflict with the representations made by Plaintiff to Defendant regarding his employment status, qualifications and experience. As a result, Defendant requests an order compelling Plaintiff to provide a complete response and production.

**REQUEST NO. 19:** All documents which indicate, reflect, or relate to any form of communication between you and the Equal Employment Opportunity Commission ("EEOC"), the U.S. Department of Labor, the Florida Commission on Human Relations or any other fair employment practice agency at any time, in any location, regarding any matter, including, but not by way of limitation, all correspondence between you and any such agency regarding all charges, claims, or lawsuits filed by you or on your behalf including copies of all charges filed, any agency determinations, and any other documents sent to or received from the EEOC or other agency.

**Plaintiff's Response:** OBJECTION - As to documents sought regarding EEOC or FCHR communications, such information is irrelevant to the claims and defenses of this action and is therefore not discoverable. Furthermore, this request is also objectionable because it is overbroad and unduly burdensome. Additionally, this request has no legitimate purpose and is being made solely to harass and embarrass. Lastly, the request as to EEOC and FCHR communications is not reasonably calculated to lead to the discovery of admissible evidence. As to communications with the Department of Labor or other organizations, none.

**Defendant's Position:** Plaintiff's objections are, once again, unfounded. To the extent Plaintiff has filed any charges or claims with the EEOC or FCHR, such information is relevant and discoverable as it goes towards Plaintiff's bias and/or credibility. *See Gutescu v. Carey Intern, Inc.*, 2003 WL 25589035, at *3 (S.D. Fla. June 24, 2003) (granting motion to compel where Defendants sought "documents relating to any other lawsuits, other than divorce proceedings, to

which Plaintiff has been a party" finding "any evidence that Plaintiff may have a history of filing contrived lawsuits may be relevant to Plaintiff's credibility."). To the extent Plaintiff argues that *Gutescu* is inapposite because it concerned discovery of other lawsuits rather than administrative charges, such argument is entirely without merit. As the Court noted in *Richmond v. UPS Service Parts Logistics*, 2002 U.S. Dist. Lexis 7496, at *16 (S.D. Ind. April 25, 2002),

> Defendant also seeks to discover whether [plaintiff] filed any complaints, grievances, lawsuits, or charges with his former employers. As this Court has previously noted, "it is conceivable that Defendant could discover [plaintiff] filed previous frivolous claims that may go to her credibility and may be so compelling as to warrant their use at trial." (internal citation omitted)

Accordingly, the *Richmond* Court denied the plaintiff's motion to quash subpoenas, finding the defendant was "entitled to discover complaints, grievances, lawsuits and charges filed by [plaintiff] during his previous employment." *Id.* Thus, Defendant requests an order compelling Plaintiff to provide a complete response and production.

**REQUEST NO. 25: All documents relating to your retention of counsel in this case, payment of counsel's fees to date, fees and costs billed to date, and all arrangements for future payments, including any contingency fee contact or agreement.**

**Plaintiff's Response:** OBJECTION - The information sought by this Request is irrelevant to the claims and defenses raised in the instant action and irrelevant to any aspect of the instant action, and therefore not discoverable. Furthermore, this request is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is overbroad and unduly burdensome in its scope. Lastly, this Request has no other purpose than to embarrass and harass, and thus is being propounded for an illegitimate purpose.

**Defendant's Position:** As stated above, in response to Interrogatory No. 23, Plaintiff's objections fail. Accordingly, Defendant requests an order compelling Plaintiff to provide a complete response and production.

## THE COURT SHOULD AWARD DEFENDANT EXPENSES
## INCURRED IN THE PREPARATION OF THIS MOTION

Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted or the disclosure is provided after the motion was filed:

> [T]he court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or the attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

It is incumbent upon the Plaintiff to show cause why the Court should not order it to pay the Defendant's reasonable expenses, including attorney's fees, incurred in connection with a motion to compel. *See  Dunstant v. Wal-Mart Stores East, L.P.*, 2008 WL 2025313, *2 (M.D. Fla. 2008)  (internal citation omitted); *see also Hog lund v. Limbach Constructors Incorporated*, 1998 WL 307457 at *6 (S.D. Fla. March 30, 1998) (granting the defendant's costs, including attorneys' fees, incurred in filing a motion to compel the plaintiff to respond to interrogatories where the defendant repeatedly demanded that the plaintiff's counsel respond to the interrogatories and the plaintiff had no valid reason for objecting to the interrogatories); *Wilcox v. Kmart Corp.*, 1995 WL 149106 at *4 (E.D. Pa. March 14, 1995)  (finding that ordering a party to pay the attorneys' fees and costs caused by an unjustified failure to comply with discovery requests was an appropriate sanction specifically authorized by the Federal Rules); *Bryant v. City of Marianna, Florida*, 532 F.Supp. 133, 137 (N.D. Fla. 1982) (finding that a reading of Rule 37 "allows for imposition of costs and attorneys' fees" upon those who fail to provide discovery responses).

WHEREFORE, the Defendant respectfully requests that this Court enter an order compelling the Plaintiff to provide complete responses to the Defendant's discovery requests as well as award the Defendant the reasonable attorney's fees and costs incurred with the filing of this Motion, along with any other relief this Court deems just and proper.

Date:  September 10, 2010

FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida  33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

Respectfully submitted,

By:  /s/ Abigail H. Kofman
David A. Buchsbaum
(Fla. Bar No. 117961)
dbuchsbaum@laborlawyers.com
Abigail H. Kofman
(Fla. Bar No. 0017865)
akofman@laborlawyers.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on **September 10, 2010**, I electronically filed the foregoing **DEFENDANT'S MOTION TO COMPEL COMPLETE RESPONSES TO DISCOVERY AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Abigail H. Kofman
Abigail H. Kofman
(Fla. Bar No. 0017865)
akofman@laborlawyers.com
FISHER & PHILLIPS LLP
450 E. Las Olas Blvd., Suite 800
Fort Lauderdale, Florida 33301
Tel (954) 525-4800
Fax (954) 525-8739

*Attorneys for Defendant*

**SERVICE LIST**
**CASE NO.: 10-60095-CIV-UNGARO**

Robert S. Norell
(Fla. Bar No. 996777)
robnorell@aol.com
Robert S. Norell, P.A.
7350 NW 5th Street
Plantation, Florida 33317
Telephone:   (954) 617-6017
Facsimile:    (954) 617-6018

*Attorneys for Plaintiff*

Service Method:  CM/ECF

David A. Buchsbaum
(Fla. Bar No. 117961)
dbuchsbaum@laborlawyers.com
Abigail H. Kofman
(Fla. Bar No. 0017865)
akofman@laborlawyers.com
Fisher & Phillips LLP
450 East Las Olas Boulevard, Suite 800
Fort Lauderdale, Florida  33301
Telephone:   (954) 525-4800
Facsimile:    (954) 525-8739

*Attorneys for Defendant*

Service Method:  CM/ECF