UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60095-CIV-UNGARO/SIMONTON

**CRAIG D. BRADY,**

    Plaintiff,

v.

**LAUDERHILL AUTO INVESTORS
I, LLC, d/b/a PHIL SMITH
CHEVROLET,**

    Defendant.
_____/

### ORDER ON PLAINTIFF'S MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER AND DEFENDANT'S MOTION TO COMPEL COMPLETE RESPONSES TO DISCOVERY

Presently pending before the Court are Plaintiff's Motion to Quash And/Or Motion for Protective Order (DE # 35) and Defendant's Motion to Compel Complete Responses to Discovery (DE # 42). The Motions are fully briefed (DE ## 38, 41, 45, 46) and have been referred to the undersigned (DE ## 36, 43). A hearing was held on the Motions on October 14, 2010, wherein the undersigned ruled from the bench on the Motions. This Order incorporates those rulings.

    I. **BACKGROUND**

This action was initiated when Plaintiff Craig Brady ("Brady") filed an action against Defendant Lauderdale Auto Investors I, LLC., d/b/a Phil Smith Chevrolet ("Smith Chevrolet") alleging minimum wage violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") (DE # 1). According to the Amended Complaint, Plaintiff's former employer, Phil Smith Chevrolet, failed to properly compensate him at the required minimum wage rate while he worked as a paint and body shop technician between October 2007 through March 2010 (DE # 11). In Count I of the Amended Complaint,

**Plaintiff alleges that he was paid "by the piece" or "flag hours", although he was required to be physically present at the body shop between 8:00 am and 5:00 pm, Monday through Friday (DE # 11,  ¶ 7).**

**In Count II of the Amended Complaint, Plaintiff alleges that after he filed the instant action on January 20, 2010, he was discharged from his employment due to the FLSA filing and thus alleges that his discharge from Smith Chevrolet was pretextual.**

**Defendant has filed an Answer and Affirmative Defenses wherein Defendant admits, among other things, that Plaintiff worked for Phil Smith Chevrolet between October 2007 and March 2010 and was paid by the piece, or for flag hours (DE # 28 ¶ 7). Defendant also admits that Plaintiff was required to be at work and ready to work from 8-5, Monday through Friday (DE # 28 ¶ 8).  However, Defendant denies that Plaintiff was discharged due to filing his FLSA suit (DE # 11 ¶ 16) and agrees that Brady's FLSA filing constitutes statutorily protected conduct.**

**At the hearing on the discovery motions, the Parties confirmed that the damages sought by Plaintiff related solely to the Defendant's alleged failure to pay minimum wages only totaled approximately $133.00, and that the Parties agreed that this amount which includes liquidated damages is owed.  However, Plaintiff indicated that his damages arising from his claim for retaliatory discharge are significantly more.**

**II.  LAW & ANALYSIS**

**1.    Plaintiff's Motion to Quash and/or Motion for Protective Order (DE # 35)**

**Plaintiff filed the instant Motion to Quash and/or Motion for Protective Order (DE # 35) seeking to quash subpoenas issued by Defendant to five different third-parties which seeking certain information regarding Plaintiff's employment and education.**

**Specifically, two of the subpoenas sought information related to Mr. Brady's personnel files from two of his former employers, Fender Mender and Wreck-A-Mended Auto Collision. The other three subpoenas sought Plaintiff's academic and student records from three educational institutions attended by Mr. Brady; University of Florida, the International Fitness Association and Broward College.**

**In his Motion, Plaintiff asserted that the subpoenas were overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argued that the subpoenas should therefore be quashed, or, in the alternative, Plaintiff should be granted a protective order.**

**In opposition, Defendant countered that the information sought from Plaintiff's employers is relevant to the issue of Plaintiff's attempt to mitigate his damages after his discharge by the Defendant. According to Defendant, Plaintiff stated in an Interrogatory that he was fired from one of the employers, Wreck-A-Mended and thus the reasons for his termination from the job held after he left the Defendant's employ is relevant. Defendant also asserted that other employment records are relevant to demonstrating that Plaintiff has a history of "contrived" law suits against his employers.**

**As to the educational records, Defendant asserted they are relevant to show that Plaintiff may have been attending class during the time he claims he was working for Defendant and thus may provide evidence that refutes Plaintiff's claims regarding the number of hours that he worked for the Defendant. Defendant also asserted that to the extent that after Plaintiff left Defendant's employ, Plaintiff was pursuing a different career path, that information is relevant to the issue of mitigation. Finally, Defendant argues that Plaintiff has failed to meet his burden of showing "good cause" for the issuance of a protective order and has not show any particular or specific demonstration**

of fact to support his request.

In Reply, Plaintiff also argued that because in his Interrogatories, he already provided information about prior employment from 1999 forward, that the Defendant's have sufficient information regarding prior employment for purposes of determining Plaintiff's ability to mitigate his damages

At the hearing on the Motion, the Parties informed the Court that the issues related to the educational institution subpoenas had been resolved.  As to the subpoenas issued to Plaintiff's former employers, Plaintiff stated that Mr. Brady worked at Fender Mender before his employment at Phil Smith but had worked at Wreck-A-Mended both before and after working at Phil Smith.  At the hearing Plaintiff's Counsel acknowledged that Mr. Brady's performance at the job held after his employment at Phil Smith Chevrolet was relevant to issues of mitigation, but argued that Mr. Brady's performance at a job held prior to working at Phil Smith was irrelevant to claims raised under the FLSA for work performed at Phil Smith.

Defendant countered that Plaintiff had failed to provide facts that would support the issuance of a protective order, and argued that any issues related to the admissibility of information obtained during discovery could be resolved at trial, and thus discovery about Plaintiff's past work history should be permitted.

For the reasons stated on the record at the hearing, the undersigned finds that Plaintiff's employment records from jobs held both prior to and after Plaintiff's employment at Phil Smith Chevrolet are discoverable.  In his Complaint, Plaintiff alleges that he was improperly discharged after filing an FLSA claim against the Defendant.  Thus, Plaintiff's reasonable attempts to mitigate his damages related to the alleged wrongful discharge are clearly relevant to this action.  To the extent that the employment

documents sought by Defendant reflect upon Plaintiff's ability to obtain employment after leaving Smith Chevrolet's employ and/or why Plaintiff may have been terminated from a job obtained after his employment with Defendant goes directly to the issue of mitigation. Therefore, as stated at the hearing, Plaintiff has failed to demonstrate that the subpoenas at issue should be quashed under the facts of this case.

However, although Plaintiff has not presented any information that suggests that the production of Plaintiff's employment records would cause undue burden or embarrassment, the undersigned concludes that information related to Plaintiff's personal medical history that may be contained in his employee records, likely is not relevant to this matter. Defendant did not dispute this at the hearing. Thus, Plaintiff's Motion for Protective Order is granted to the extent that Plaintiff's employment records contain medical information about the Plaintiff. Accordingly, any medical information contained in the employer records shall not be disclosed without further order of the Court. In addition, the undersigned concludes that Defendant is only entitled to obtain employment records for Plaintiff for the five years immediately proceeding Plaintiff's employment at Phil Smith Chevrolet, and thus may obtain Plaintiff's employment records from 2002 to the present, as well as any employment applications. Thus, the third-parties, Wreck-A-Mended and Fender Mender, shall produce documents and/or records to the Defendant consistent with this Order, on or before October 25, 2010, as ordered at the hearing. The information produced shall be used only for purposes of this litigation.

At the conclusion of the hearing, Defendant sought leave to conduct follow-up discovery based on these records, acknowledging that the discovery period has closed. Specifically, Defendant requested that a deposition of a corporate representative of Wreck-A-Mended be permitted with respect to the reasons for Plaintiff's termination.

**The undersigned recognizes that part of the delay in resolving this motion was due to the Court's calendar.  However, at this time, it is not clear that follow-up discovery will be warranted.  Therefore, the undersigned declines to rule on theat issue at the present time.**

### 2. Defendant's Motion to Compel Complete Responses to Discovery (DE # 42)

**In this Motion, Defendant sought to Compel Plaintiff to provide responses to certain discovery requests contained in Defendant's First Set of Interrogatories and First Request to Produce served on Plaintiff on July 1, 2010 that were responded to by Plaintiff on July 30, 2010.  Defendant also sought fees and expenses incurred in having to file the Motion to Compel.**

**At the hearing on the Motion, the Parties presented argument on the following discovery requests propounded by Defendant:**

#### a. Interrogatory # 23 and Request for Production # 25 Attorney Fee Agreement and Time Records

**In this Interrogatory and Request for Production, Defendant sought information regarding Plaintiff's attorney fee agreement and time records of attorney's fees incurred to date related to this action. Plaintiff objected to these requests as completely irrelevant, overbroad and asserted that the request for this information was premature because Plaintiff had not filed a Motion for Attorney's Fees yet, and would not do so until after a finding of liability had been made.**

**In its papers, Defendant countered that the requested information is relevant because Plaintiff requested attorney's fees in the Amended Complaint. Defendant further argued that because it admits that it mistakenly underpaid Plaintiff for two weeks, the FLSA requires Defendant to pay reasonable attorney's fees and thus the fee agreement**

between Plaintiff and his attorney is relevant (DE # 42 at 3).

At the hearing, the undersigned noted that Rule 7.3 of the Local Rules for the Southern District of Florida requires that when a party files a motion seeking attorney fees, the party, among other things, must identify the final judgment which gave rise to the claim for fees, disclose the terms of any applicable fee agreement and provide the number of hours reasonably expended by each time keeper.  Thus, the undersigned concluded that the disclosure of the terms of the fee agreement and the hours billed by Plaintiff's attorney was premature because there had not yet been a finding of liability against the Defendant.  Based upon those statements, Defendant indicated that it would not object to the Court's ruling on that basis.  Accordingly, for the reasons stated on the record at the hearing, the Court denies the Defendant's request to compel Plaintiff to answer Interrogatory # 23 and Request for Production # 25, both of which sought disclosure of Plaintiff's attorney fee agreement and other attorney fee documents related to this litigation.

          **b.**      **Request for Production # 16-Documents related to other Employment while employed at Phil Smith Chevrolet**

In this Request for Production, Defendant sought all documents concerning any employment relationship or separation from employment of Plaintiff while Plaintiff was employed by Defendant.  Plaintiff objected to this request as irrelevant and further asserted that the discovery request was merely designed to harass Plaintiff.

Defendant conversely argued that to the extent Plaintiff held a second job while working for Defendant, that information was relevant to establish the hours Plaintiff worked for Defendant.  Also, Defendant argued that the information is relevant to show Plaintiff's attempted mitigation of damages after leaving Defendant's employ.  Defendant

also asserted that the records may contain information in conflict with representations made by Plaintiff to Defendant regarding his employment status, qualifications and experience.

At the hearing, Plaintiff argued that the request for "all documents" in this Interrogatory was overly broad. However, Plaintiff admitted that he had been working as an independent contractor at certain times while employed by the Defendant.

As stated on the record at hearing, the undersigned concludes that work performed by Plaintiff during the time that Plaintiff he worked for Defendant is relevant to this overtime action. Therefore, on or before October 25, 2010, Plaintiff must provide any records that he maintained regarding other employment or independent contracting work which indicate the time Plaintiff worked and how much income he made during the time Plaintiff worked for Smith Chevrolet. However, Plaintiff does not have to produce all of the emails related to any independent contracting work that he did during the relevant time, rather, only those items which demonstrate the time he worked and the income generated from that work.

      c.    <u>Request for Production # 19- Other Discrimination Claims</u>

Request for Production # 19 propounded by Defendant to Plaintiff sought documents related to communication by Plaintiff with the Equal Employment Opportunity Commission (EEOC), Department of Labor (DOL), or the Florida Commission on Human Relations related to any matter at any time. In his papers, Plaintiff objected to the request as irrelevant, overbroad and unduly burdensome. Defendant countered that the documents are relevant to establish Plaintiff's bias and/or credibility.

At the hearing, Counsel for Plaintiff stated that Plaintiff had filed a claim with the

EEOC against Phil Smith Chevrolet for race discrimination prior to being discharged by the Defendant.  Plaintiff therefore has included a retaliation claim in his EEOC racial discrimination claim.  Plaintiff's Counsel stated that he did not know of any other claims filed by the Plaintiff with the EEOC, the DOL or the Florida Commission of Human Relations.

Thus, as stated on the record at the hearing, the undersigned concludes that Plaintiff's EEOC claim is relevant to this action because it may demonstrate that Plaintiff's discharge from Phil Smith Chevrolet was not due to his FLSA claim but rather his race discrimination claim.  Moreover, communications made related to the EEOC claim may include information and/or statements bearing on Plaintiff's employment at Smith Chevrolet.  Accordingly, as ordered at the hearing, on or before October 25, 2010, Plaintiff must produce any documents in his possession related to his claim filed with the EEOC with respect to Phil Smith Chevrolet, including any communications that Plaintiff forwarded and/or submitted to the EEOC.

### III. CONCLUSION

Therefore, based on the foregoing and for the reasons stated on the record on the hearing on the discovery Motions, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Quash And/Or Motion for Protective Order (DE # 35) is **GRANTED, in part.**  To the extent that Plaintiff seeks to quash the subpoenas issued by Defendant to University of Florida, the International Fitness Association and Broward College, the Motion is denied as moot.  To the extent the Plaintiff seeks to quash the subpoenas issued by Defendant to Fender Mender and Wreck-A-Mended Auto Collision the Motion is denied.  To the extent Plaintiff seeks a

Protective Order, the Motion is granted to the extent that Plaintiff's employment records contain medical information about the Plaintiff, and shall only be disclosed consistent with this order as previously set forth.  In addition, Defendant's subpoena is narrowed to only require production of employment records for Plaintiff beginning in 2002 and said records shall be produced to the Defendants consistent with this Order, on or before October 25, 2010.  It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Complete Responses to Discovery (DE # 42) is **GRANTED, in part**.   Plaintiff must produce the documents requested by Defendant in Request for Production ##s 16 and 19 contained in Defendant's First Request to Produce on or before October 25, 2010, as described previously in this Order.  In addition, as set forth above, Plaintiff does not have to provide information or produce documents related to the Attorney Fee agreement or hours billed by his attorney as requested in Interrogatory # 23 and Request to Produce # 25, until such time that Plaintiff files a Motion seeking Attorney's Fees in this action.  Finally, to the extent that Defendant requests attorney's fees related to having to file the Motion to Compel, that request is Denied.

**DONE AND ORDERED** in chambers in Miami, Florida on October 19, 2010.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
            United States District Judge
All counsel of record